IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES S. MATTHEWS, JR. ) | |
| ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| v. ) | Case No. CIV-20-558-D |
| ) | (Bankruptcy No. 11-16261-JDL) |
| JORGE GAMBOA, ) | |
| ) | |
| Defendant/Appellee. ) | |

## **ORDER**

Appellant purports to appeal a Final Pretrial Order entered by the United States Bankruptcy Court for the Western District of Oklahoma on May 28, 2020 [Doc. No. 1]. On August 30, 2021, the Court entered an Order to Show Cause why this appeal should not be dismissed for lack of jurisdiction [Doc. No. 11]. Appellant has failed to respond to the Order to Show Cause.

The Court has an independent duty to determine whether it has jurisdiction over this appeal. *In re Robertson*, 774 F. App'x 453, 467 (10th Cir. 2019); *In re Kreutzer*, 344 B.R. 634, 639 (N.D. Okla. 2006). District Courts have jurisdiction to hear bankruptcy appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees... .

28 U.S.C. § 158(a). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.*, 893 F.2d 264,

265 (10th Cir. 1990). The Final Pretrial Order from which Appellant appeals is not a final order or an appealable interlocutory order. Accordingly, dismissal of this appeal for lack of jurisdiction is proper.

    IT IS THEREFORE ORDERED that this appeal is DISMISSED.

    IT IS SO ORDERED this 21st day of September, 2021.

    TIMOTHY D. DeGIUSTI
    Chief United States District Judge